UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARION E. MURPHY,

       Plaintiff ,

v.                                      Case No:  6:12-cv-451-Orl-31TBS

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____

### REPORT AND RECOMMENDATION[1]

Plaintiff Marion E. Murphy brings this action pursuant to the Social Security Act ("Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").

I have reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the ALJ's decision, the exhibits on file, and the pleadings and memoranda submitted by the parties.  I find the facts are adequately set forth in the parties' memoranda and the ALJ's decision.  Therefore, I will only repeat portions of the record pertinent to my analysis to protect Plaintiff's privacy to the extent possible.

For the reasons that follow, I respectfully recommend that the Commissioner's final decision in this case be **AFFIRMED**.

_____

[1] Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

## I. Procedural History

Plaintiff filed for DIB on April 10, 2000,[2] asserting a disability onset date of May 17, 1999.  (Tr. 16; Doc. 21 at 1).  His application was denied initially and upon reconsideration.  (Doc. 20 at 2).  He requested and received a hearing before an ALJ who ruled that Plaintiff was not disabled.  (Tr. 2, 13-22).  Plaintiff appealed, and on December 3, 2003, the Appeals Council denied his request for review of the ALJ's decision.  (Tr. 4-6).

Plaintiff filed an application for SSI in October of 2002 and a new application for DIB on April 16, 2003.  (Tr. 850).  Once again, his claims were denied initially and on reconsideration.  (Tr. 445).  Plaintiff asked for and received a hearing before an ALJ who found him not disabled.  (Tr. 455).  The Appeals Council granted Plaintiff's request for review and remanded his case for further consideration of Dr. Donald A. Stewart's psychological evaluation; Dr. Brian Ziegler's orthopedic evaluation; the nature and severity of Plaintiff's mental impairments; and his maximum residual functional capacity ("RFC").  (Tr. 484).

On December 13, 2006, an ALJ heard Plaintiff's case on remand and found him not disabled.  (Tr. 671- 681).  Plaintiff appealed, the Appeals Council accepted review, and remanded the case for the second time.  The Appeals Council determined that remand was required for further consideration of Plaintiff's mental impairments using the "special technique" described in 20 CFR 404.1520(a); consideration of Plaintiff's maximum RFC; if Plaintiff was found disabled, whether his alcoholism was a contributing

---

[2] The parties state that Plaintiff filed for SSI and DIB on October 30, 2002, however, a review of the record shows that he originally filed in April of 2000.  (Tr. 16).

factor to that finding; and to consider additional evidence that had been submitted to the Appeals Council.  (Tr. 685).

Plaintiff's fourth administrative hearing was held on November 21, 2008.  In a decision dated February 13, 2009, the ALJ concluded that Plaintiff was not disabled.  (Tr. 847-861).  Plaintiff filed for review of the ALJ's decision, and for the third time, the Appeals Council accepted the case and remanded for further consideration of his claim. The Appeals Council noted that although the ALJ found Plaintiff suffered from an affective disorder and had moderate difficulty in social functioning, the ALJ failed to include any functional limitations in Plaintiff's RFC to reflect this impairment.  (Tr. 864).  The Appeals Council directed the ALJ to:

> Further evaluate the claimant's mental impairment in accordance with the special technique described in 20 CFR 4040.1520(a) and 416.920a, documenting application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas described in 20 CFR 404.1520a(c) and 416.920a(c).
>
> Further, if necessary, obtain evidence from a medical expert (preferably, a psychologist or psychiatrist) to clarify the nature and severity of the claimant's combined impairments (20 CFR 4040.1527(f) and 416.927(f) and Social Security Ruling 96-6p).
>
> Give further consideration to the claimant's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations (20 CFR 404.1545 and 416.945 and Social Security Rulings 85-16 and 96-8p).  The residual functional capacity established for the claimant will include specific limitations resulting from his severe mental impairment.

(Tr. 864-5).

## II. Most Recent Administrative Hearing

Plaintiff's most recent administrative hearing occurred on April 14, 2011.  (Tr. 999-

1028).  The following four witnesses testified at the hearing: Plaintiff, non-examining

doctors John Griscom and Larry Benovitz, and a vocational expert ("VE").  (Tr. 1005-

1028).  Plaintiff does not contest the ALJ's RFC findings concerning his physical

limitations.  (Doc. 20).  Accordingly, this report and recommendation is limited to a

discussion of Plaintiff's mental condition.

      Non-examining doctor Larry Benovitz testified about Plaintiff's mental impairments

based upon his review of Dr. Stewart's report.  (Tr. 1015).  Dr. Stewart is a clinical

psychologist who made a one-time consulting examination of Plaintiff.  (Tr. 1017).  There

are two parts to Dr. Stewart's report, a General Personality Evaluation with MMPI-2 (the

Personality Evaluation"), and a Medical Source Statement of Ability to do Work-Related

Activities (Mental) (the "Medical Source Statement").  (Tr. 422-28).  In the Personality

Evaluation, Dr. Stewart diagnosed Plaintiff with a "Personality Disorder, NOS" and said:

"Prognosis for this patient is poor."  (Tr. 424).

      The Medical Source Statement is a checkbox form which defines the term "slight"

to mean some mild limitations but the claimant can generally function well.  (Tr. 426).

The form defines "moderate," as "[t]here is a moderate limitation in this area but the

individual is still able to function satisfactorily."  (Tr. 426).  Dr. Stewart checked the boxes

indicating that Plaintiff had only a slight restriction in his ability to understand, remember,

and carry out short, simple instructions.  (Id.).  However, he opined that Plaintiff was

moderately restricted in his ability to understand, remember and carry out detailed

instructions; interact with the public, supervisors and co-workers; respond appropriately to

work pressures and changes in the routine work setting; and make judgments in simple

work-related decisions.  (Tr. 426-27).

      Dr. Benovitz testified that Dr. Stewart's opinion is of limited usefulness because Dr.

Stewart was a one-time consulting physician and there is no evidence of on-going treatment in the record.  (Tr. 1018).  Still, Dr. Benovitz agreed with Dr. Stewart's mental RFC.  (Id.).  Dr. Benovitz testified that Plaintiff's diagnoses was "psychological factors affecting [Plaintiff's] physical condition; pain disorder associated with [INAUDIBLE] general medical condition; alcohol abuse, chronic; personality disorder not otherwise specified[;] rule out malingering."  (Id.).  He explained that Dr. Stewart's opinion of "moderate limitation interacting appropriately with the public supervisors and coworkers" meant Plaintiff should be restricted to a low-stress environment.  (Id.).  Plaintiff testified that he was not receiving mental health treatment.  (Tr. 1020).

The VE opined that a hypothetical person with Plaintiff's RFC could not perform Plaintiff's past work, but could perform the jobs of ticket checker, surveillance system monitor, and call-out operator.  (Tr. 1025-26).

### III. The ALJ's Decision

After considering the evidence, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since his May 17, 1999 onset date.  (Tr. 223).  The ALJ held that Plaintiff had severe physical impairments and a severe personality disorder.  But, the ALJ decided that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526).  (Tr. 224).  The ALJ determined that Plaintiff's testimony concerning the intensity, persistence, and limiting effects of his symptoms was not credible.  (Tr. 226).  The ALJ assigned Plaintiff the following mental RFC:

> As for the claimant's mental impairments, he is not capable of production-rate pace work. However, he is capable of goal-oriented, low stress work. He can perform simple, routine,

> competitive, low-stress, repetitive tasks on a sustained basis
> over a normal 8-hour workday in a stable work environment
> with no more than simple decision-making required,
> occasional close interpersonal interactions with co-workers,
> and occasional interactions with the public. The claimant is
> unable to perform complex and detailed tasks or meet fast-
> paced high production demands.

(Tr. 225).

Based upon Plaintiff's RFC, age, education, and work experience in conjunction

with the Medical-Vocational Guidelines, (20 C.F.R. Part 4, Subpart P, Appendix 2), and

the witnesses' testimony, the ALJ found that Plaintiff could perform work available in

significant numbers in the national economy, and therefore, Plaintiff was not under a

disability from his alleged onset date through the July 15, 2011 date of the ALJ's decision.

(Tr. 227-229).

## IV. Jurisdiction

The Appeals Council denied Plaintiff's request for review of the ALJ's decision.

(Tr. 214-216).  Accordingly, the ALJ's decision is the final decision of the Commissioner.

Plaintiff has exhausted all available administrative remedies and timely filed this action.

The case is properly before this Court, which has jurisdiction to review the decision of the

Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. §

1383(c)(3).

## V. Standard of Review

To qualify for benefits, a claimant must be unable to engage in any substantial

gainful activity by reason of any medically determinable physical or mental impairment or

combination of impairments that can be expected to result in death or that has lasted or

can be expected to last for a continuous period of not less than twelve months.  42 U.S.C.

§ 1382c(a)(3)(A).  A "physical or mental impairment" under the Act is one "that results

from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

The ALJ utilizes the five step sequential evaluation process established by the Social Security Administration and set forth in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4) to determine whether an individual is disabled. Using the evaluation procedure, the ALJ must decide whether the claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and at step five the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987); Phillips, 357 F.3d at 1241 n.10.

The scope of the Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence the court will affirm even if the reviewer would have reached a contrary result as finder of fact, and

even if the reviewer finds that the preponderance of the evidence is against the

Commissioner's decision.  Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996).  The

court "may not decide facts anew, reweigh the evidence, or substitute our judgment for

that of the [Commissioner.]"  Id.  "The district court must view the record as a whole,

taking into account evidence favorable as well as unfavorable to the decision."  Foote v.

Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); accord Lowery v. Sullivan, 979

F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine

the reasonableness of the factual findings).

There is a presumption in favor of the ALJ's findings of fact but the presumption

does not extend to the ALJ's conclusions of law.   Welch v. Bowen, 854 F.2d 436, 438

(11th Cir. 1988) (per curiam).  The Court will reverse a final decision if the ALJ incorrectly

applied the law or failed to provide sufficient reasoning for the Court to determine whether

the ALJ properly applied the law.  Keeton v. Dep't of Health & Human Serv's, 21 F.3d

1064, 1066 (11th Cir. 1992).   When it reviews a final decision, the Court is authorized to

"enter . . . a judgment affirming, modifying, or reversing the decision . . . with or without

remanding the cause for a hearing."  42 U.S.C. § 405(g).

## VI. Discussion

Plaintiff argues, based upon the holding in Moore v. Barnhart, 403 F.3d 1208 1214

(11th Cir. 2005) and the Appeal's Council's last remand order, that the ALJ was required

to attach a completed Psychiatric Review Technique Form ("PRTF") to his decision.

(Doc. 20 at 8-12).  The PRTF is a form filled out by a consulting psychologist to document

the special technique found in 20 C.F.R. § 404.1520a for the evaluation of adult claimants

with mental impairments.  In Moore, the Eleventh Circuit reversed and remanded

because the ALJ failed to complete a PRTF or alternatively, discuss its method of

analysis, and failed to mention two of the four functional areas.  403 F.3d at 1214.

Contrary to Plaintiff's argument, the ALJ is not required to attach a completed PRTF to his

decision but the ALJ must utilize the PRTF method of analysis and explain the use of the

method in his decision.  See Ehrisman v. Astrue, 377 F. App'x 917, 919 (11th Cir. 2010)

(finding that an ALJ must only incorporate the PRTF mode of analysis into his findings

and conclusions).  Remand is required when a claimant presents a colorable claim of

mental impairment and the ALJ fails to incorporate the results of the special technique

into the decision.  Moore, 405 F.3d at 1214.

In its remand order, the Appeals Council directed the ALJ to evaluate Plaintiff's

mental impairments in accordance with 20 C.F.R. §§ 404.1520a and 416.920a, document

the application of the special technique described in those sections, and provide specific

findings and appropriate rationale for each of the four functional areas identified in those

sections.

Section 404.1520a requires the Commissioner to rate the degree of a claimant's

limitations in four broad functional areas: (1) activities of daily living; (2) social function;

(3) concentration, persistence, or pace; and (4) episodes of decompensation.  20 C.F.R.

§ 404.1520a(c)(3).  In the first three areas, impairments are rated as: none, mild,

moderate, marked or extreme.  20 C.F.R. § 404.1520a(c)(4).  Episodes of

decompensation are rated using a four point scale: none, one or two, three, four or more.

Id.  Once the Commissioner has rated the degree of the claimant's limitations, the

Commissioner determines the severity of the claimant's mental impairments.  20 C.F.R. §

404.1520a(d).  The Regulation provides:

> At the administrative law judge hearing and Appeals Council
> levels, the written decision must incorporate the pertinent
> findings and conclusions based on the technique. The

> decision must show the significant history, including
> examination and laboratory findings, and the functional
> limitations that were considered in reaching a conclusion
> about the severity of the mental impairment(s). The decision
> must include a specific finding as to the degree of limitation in
> each of the functional areas described in paragraph (c) of this
> section.

20 C.F.R. § 404.1520a(e)(4).[3]

At the first step in the special technique, the ALJ must evaluate the claimant's

"pertinent symptoms, signs, and laboratory findings to determine whether [the claimant

has] a medically determinable mental impairment."  20 C.F.R. § 404.1520a(b)(1).  Plaintiff

has little or no history of mental health treatment.  The only information the ALJ had

concerning Plaintiff's symptoms, signs, and findings were Dr. Stewart's report, Dr.

Benovitz' discussion of Dr. Stewart's report, and Plaintiff's testimony.  On this record, the

ALJ determined that Plaintiff suffers from a personality disorder.  Thus, the ALJ satisfied

the first step in the analysis.

Next, the ALJ must "specify the symptoms, signs, and laboratory findings that

substantiate the presence of the impairment(s) and document [the ALJ's] findings in

accordance with [20 C.F.R. § 404.1520a(e).]"  Id.  Dr. Stewart is the only mental health

expert who examined Plaintiff.  Curiously, the ALJ never mentioned Dr. Stewart by name

in his decision, but it is apparent that the ALJ considered Dr. Stewart's report.  The ALJ

questioned Dr. Benovitz about the report at the hearing and discussed Dr. Benovitz'

testimony in his decision.  The ALJ referred to Dr. Stewart's report by exhibit number in

his decision.  The ALJ quoted the "function satisfactorily" language from Dr. Stewart's

---

[3] Similarly, § 416.920a(e) states "[a]t the administrative law judge hearing and
Appeals Council levels (in cases in which the Appeals Council issues a decision), we will
document application of the technique in the decision."

Medical Source Statement.  And, the ALJ incorporated the requirements of a low stress work environment, no more than simple decision making, and only occasional interactions with co-workers and the public into Plaintiff's RFC.  (Tr. 225, 227).  The ALJ's discussion of this evidence is sufficient to specify Plaintiff's symptoms, signs, and Dr. Stewart's findings which substantiate the presence of Plaintiff's personality disorder.

Lastly, the ALJ is required to rate the claimant's "degree of functional limitation resulting from the impairment(s) in accordance with [20 C.F.R. § 404.1520a(c)] and record [the ALJ's] findings."  20 C.F.R. § 404.1520a(b)(2).  At step three of the five step sequential evaluation process, the ALJ concluded that Plaintiff's "difficulties in social functioning were only 'moderate,'" and there was "no evidence suggesting that [Plaintiff] has any 'marked' restrictions in concentration persistence, or pace or in his activities of daily living."  (Tr. 224).  The ALJ also found no evidence that Plaintiff has suffered from repeated episodes of decompensation, each of extended duration.  (Tr. 224).  The ALJ rated Plaintiff's degree of limitation in all four functional areas and concluded that Plaintiff's personality disorder was a severe impairment.  Accordingly, I find that the ALJ adequately documented his use of the special technique in this case.

Plaintiff argues that the ALJ's decision should be reversed because he failed to state the weight he gave Dr. Stewart's opinion or note the limitations outlined by Dr. Stewart.  ALJs must explain with particularity the weight they give the different medical opinions in the record.  McCloud v. Barnhart, 166 F. App'x 410, 418 (11th Cir. 2006) (citing Sharfaz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987)).  "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981).  While the ALJ did not say what

weight he gave Dr. Stewart's opinion, for the reasons already discussed, I find that the ALJ considered and relied upon Dr. Stewart's opinion, which he used in formulating Plaintiff's mental RFC.  Therefore, the ALJ's omission of the weight given Dr. Stewart's opinion was, at worst, harmless error. See Colon ex. rel. Colon v. Comm'r, 411 F. App'x 236, 239 (11th Cir. 2011).

Plaintiff admits his mental RFC is "similar" to Dr. Stewart's opinion.  (Doc. 20 at 14).  But, he argues "there are some differences."  The only difference Plaintiff cites is a comparison of Dr. Stewart's statement in the Medical Source Statement that Plaintiff is moderately limited in "[t]he ability to make judgments on simple work-related decisions" with Plaintiff's mental RFC which limits Plaintiff to the performance of tasks in which "no more than simple decision-making" is required.  (Tr. 426, 225).  To the extent there is any difference, which is debatable, it is of no consequence.  Even with a moderate limitation in the ability to make simple work-related decisions, Dr. Stewart said Plaintiff would be "able to function satisfactorily."  If he could function satisfactorily, then despite his impairment, he could still make simple work-related decisions.  (Tr. 426).  And, Dr. Stewart opined that Plaintiff had only a slight limitation in his ability to understand, remember, and carry out simple instructions.  (Id.).  Therefore, I find that Plaintiff has failed to identify any material difference between Dr. Stewart's opinion and Plaintiff's mental RFC.

Plaintiff's final argument is that the VE's testimony was not substantial evidence because the ALJ's hypothetical question omitted Dr. Stewart's opinion that Plaintiff is moderately limited in his ability to make simple work-related decisions.  When an ALJ relies upon the testimony of a VE, the ALJ must pose a hypothetical question which encompasses all of the claimant's limitations supported by the record. See Wilson v.

Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (per curiam); Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999) (holding that to pose substantial evidence, the ALJ's question must comprise all the claimant's impairments).  For the reasons already discussed, I find that Plaintiff's mental RFC does include Dr. Stewart's opinion and therefore, the VE's testimony was substantial evidence to support the ALJ's finding that Plaintiff is not disabled.

VII. Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1.      the Commissioner's final decision in this case be **AFFIRMED**; and

2.      the Clerk be directed to enter judgment accordingly and **CLOSE** the file.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on July 29, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

        Presiding United States District Judge
        Counsel of Record